NEW YORK PRACTICE REPORTS. 237

Bonesteel agt. The Mayor, &c., of New York.

---

## COURT OF APPEALS.

ROBERT G. BONESTEEL agt. THE MAYOR, &c., OF THE CITY OF NEW YORK.

Where an *ordinance* of the common council of the city of New York, under which work is to be done, provides that the work is to be done under the *directions* of the *street commissioner* and *one of the city surveyors*, it confers no authority on these officers, or either of them, to *change* or *modify* in any essential particular, the provisions of the *contract*, made and entered into for the performance of the work. When the *specification* issued by the *street commissioner* is made part of the estimate of the *contractor*, and which is incorporated *into the contract*, the *common council* thereby authorize the street commissioner to contract only for the work *thus specified*, and the *street commissioner* has no authority to make any other contract with the contractor, or to *change* or *modify* any of the provisions of the *proposal* after the same has been ratified and confirmed by the common council.

*October Term*, 1860.

APPEAL from a judgment of the New York superior court.

———— ————, *for plaintiff*.
H. H. ANDERSON, *for defendants*.

DAVIES, J. The plaintiff bases his right of recovery in the action upon the contract of October 21st, 1852, and insists that that is the contract between his assignor and

the defendants, without any reference to the specifications issued by the street commissioner, and which, by the terms of the contract, were made part of it. Assuming this to be so, how stands the plaintiff's case? He seeks to recover on a contract which provided that the rock was to be excavated *two feet* below the line of the curbstone grade. The proof shows clearly that the rock excavation was carried to the depth of one foot only, below the curb-stone grade, and it follows that the contract, in this important particular, was unperformed. The entire performance, on the part of the assignor of the plaintiff, through whom he claims, is a condition precedent to the plaintiff's right of recovery, and to the maintenance of this action. ( 2 *Kent's Com.*, 693; *Smith* agt. *Brady*, 17 *N. Y. R.*, 173; *Cunningham* agt. *Jones*, 20 *N. Y. R.*, 486.) On this ground, without the consideration of any other, the plaintiff cannot succeed. But it is said in his behalf that the rock was excavated only one foot below the curb-stone grade by the direction of the city surveyor. If this be the contract of the defendants, they, and they alone, or some one duly authorized by them, were competent to change its terms, and, in fact, make a new contract. It is not shown that the defendants ever made this modification of the contract, or in any way acquiesced in it, or gave any authority to the city surveyor to make this or any contract for them, or to change or modify, in any particular, that made by the street commissioner with McDonald, and the performance of which was assumed by the plaintiff's assignor. The ordinance under which the work was done provided that the street was to be regulated and graded under such directions as should be given by the street commissioner and one of the city surveyors. The first suggestion to be made in reference to this provision is, that the ordinance would seem to contemplate joint directions by the street commissioner and the city surveyor. The present direction to excavate the rock only to the depth of one foot would appear to have been given by the

surveyor only, without the co-operation of the street commissioner. But a conclusive answer to this view of the case is, that the provision of the ordinance, that the work should be done under such directions as should be given by these officers, conferred no authority upon them, or either of them, to change or modify, in any essential particular, the provisions of the contract made and entered into for the performance of the work. The ordinances of the defendants contemplated that the work was to be done under a written contract. The basis of that contract was the proposal or specification issued by the proper head of department, inviting estimates. When they were received, and the award made to the lowest bidder, and that award confirmed by the common council, all the materials for the, written contract were provided. When the contract finally became perfected, signed and executed, no officer of the defendants had any authority to change its provisions unless expressly authorized by the common council. None such has been shown in this case, or any acquiescence by the defendants in the departure from the terms of the contract made by the plaintiff's assignor, with the acquiescence, and pursuant to the directions of the city surveyor. Such departure had, therefore, no legal justification, and the plaintiff, has, therefore, himself shown a non-performance on his part, of what he claims was his contract with the defendants. But it is apparent that the plaintiff does not intend to place his right of recovery on this ground. By the specification issued by the street commissioner, and which was made part of the estimate of McDonald, and which was, in fact, incorporated into the contract, the common council authorized the street commissioner to contract only for the excavation of the rock one foot below the grade. When, therefore, the street commissioner inserted in the contract that the rock was to be excavated two feet below the line of the curb-stone grade, he assumed to make a contract without any authority whatever. He might as well have attempted

to bind the defendants to pay for rock excavated, ten, twenty, or any other number of feet below the grade, as for two feet. The specification called only for excavation of rock one foot below the grade. The estimate was for the work called for by the proposal or specification, and the common council only authorized *him*, the street commissioner, to contract for the work thus proposed and estimated for. It is apparent that the plaintiff's assignor, and the city surveyor, both supposed that the specification and the estimate were, in fact, the contract which was to govern in this respect, and therefore the rock was only excavated to the depth of one foot below the grade, as called for by them. For the surveyor testified on the trial of this action, that the rock was only excavated to the depth of one foot, by his directions, and that such directions were given in conformity with the specifications issued by the street commissioner, and which the contractor had in his possession, and under which he was working. These specifications, under which the plaintiff's assignor did the work, were then regarded as the real contract between him and the defendants. This, we think, was clearly correct, and the modification contained in the written contract of October 21st nugatory and void. The specification or proposal had been incorporated into the estimate ; it was before the common council when they authorized the contract to be made ; it was specifically incorporated into the contract which was made, and its provisions must be held to be the controlling basis of that contract, and that the street commissioner had no authority to make any other contract with McDonald, or to change or modify any of the provisions of the proposal after the same was ratified and confirmed by the common council. It was his duty to have conformed to the directions of the defendants. A contract made in compliance with such directions was binding upon them. As was said by this court, in *Brady* agt. *The Mayor, &c., of New York,* (20 *N. Y. R.,* 312.) " It does not require any argument to

show that a contract, made in violation of the requirements of the charter, is null and void." It is equally clear that a contract, made in conflict with the authority granted, is equally null and void. When, therefore, the street commissioner, in the contract made with McDonald, assumed to agree that all the rock excavated by the contractor should belong to him, he did what he had no authority to do ; and such agreement was null and void. He had no right or authority to change the provisions of the specification which formed, as already remarked, part of the estimate, and as the basis of which the common council had alone given him authority to enter into a contract. Besides, the contractor had previously agreed, in this very contract, to furnish all the materials and labor, to regulate and grade the street according to the specification. Now, this specification provided that the rock to be excavated should be deposited on the street, and in the river in continuation of the street, as the surveyor should direct. It is believed that it has been shown that we are to regard this as the true contract of the defendants with McDonald, and which the plaintiff's assignor undertook to perform. It was the contract which he had in his possession, and under which he was working. It was the contract, the performance of which was a condition precedent to a right of action upon it against the defendants. It is undeniable that it has not been performed according to the directions of the city surveyor ; for it clearly appears that, instead of depositing the rock excavated on the street, and in the river in continuation of the street, as provided for in the specification, he sold and disposed of the same for his own benefit. To sanction a recovery on a contract which has been thus palpably and willfully violated, would be holding out a premium to parties to disregard their solemn engagements, and would overthrow well-established principles and repeated adjudications.

Courts of justice have no authority to make contracts for

parties, but when their aid is invoked to enforce them, it is the first duty incumbent on them to see that the party seeking their interference has complied with the terms of the contract on his part. The present is a clear case of non-compliance in every respect in which it may be regarded; and, on the authority of *Smith* agt. *Brady*, (*supra*,) the plaintiff cannot maintain this action.

The judgment of the superior court is therefore affirmed, with costs.